UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

OVERNIGHT BLOWOUT LLC,
et al.,

                       Plaintiffs,                          24-cv-7926 (PKC)

    -against-                                 OPINION AND ORDER

XUCHANG YUNDUAN HAIR
PRODUCTS CO, LTD. D/B/A
YUNDUAN HAIR, et al.,
                      Defendants.

-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        Plaintiffs' move for leave to serve process on certain defendants by alternative means and for the grant of a preliminary injunction as to all defendants. For the reasons discussed, the motion for alternate means of service will be denied without prejudice and the motion for a preliminary injunction will be granted but only as to those defendants who have been served in the action and have not opposed the preliminary injunction motion. The Court will allow plaintiffs to renew both motions on a supplemented record.

BACKGROUND

        Plaintiffs allege that the defendants are online sellers of knock-offs of their Overnight Blowout Rods, a hair product protected by the patent, copyright and trademark laws of the United States. Plaintiffs operate a hair accessory and beauty company that produces velvet-covered rods designed to "preserve and prolong blowout or curled hairstyles." (1st Am. Compl. ¶ 1.) Defendants are third-party merchants with user accounts that operate storefronts on the

1

online platforms Amazon, Shein, and TikTok. (Id. at ¶ 23.) All defendants, according to plaintiffs, reside in China. (Id. at ¶ 22.) Defendants allegedly "import, advertise, offer to sell, sell, and distribute unauthorized, wholesale reproductions of the Overnight Blowout Rods" and utilize unauthorized images of plaintiff Hipolito to promote their infringing products. (Id. at ¶ 23.)

By ex parte application, plaintiffs sought the issuance of an Order to Show Cause with a Temporary Restraining Order enjoining, among other things, the further sale or distribution of the accused products. (ECF 13.) In the application, plaintiffs requested leave to serve defendants with the Order by email or "online contact form or other means of electronic contact associated with their Online Storefronts." (Id.) On October 22, 2024, the Court issued the Temporary Restraining Order and Order to Show Cause in substantially the form proposed. (ECF 19.)

Only defendant Shenzhen Xinliyuan Electronic Material Co. Ltd. d/b/a Flylipu ("Flylipu") appeared to contest the propriety of the manner of service of process and to oppose the entry of a preliminary injunction. By letter dated December 20, 2024, counsel for Flylipu advised the Court that it had reached a settlement with plaintiffs and that its objections were now moot. (ECF 54.)

In this Order, the Court focuses principally on whether and on what factual showing a plaintiff may obtain a judicial order to serve a defendant residing in China with process by alternate means consistent with the treaty obligations of the United States. It also grants the unopposed motion for a preliminary injunction against defendants who have accepted service of process and have not opposed that motion.

LEGAL STANDARD

"The lawful exercise of personal jurisdiction by a federal court requires satisfaction of three primary requirements." Licci ex rel. Licci v. Lebanese Candadian Bank, SAL, 673 F.3d 50, 59 (2d Cir. 2012). (1) Service of process upon the defendant must be procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders service effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles. Id. at 59-60. This Order addresses the first of these requirements, procedurally proper service of process.

Rule 4(f), Fed. R. Civ. P., provides the methods for proper service of process upon an "individual . . . may be served at a place not within any judicial district of the United States," including an individual or entity located in a foreign country. It provides in part that the individual may be served:

> (1) By any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . ;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>   (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>   (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>   (C) unless prohibited by the foreign country's law, by:
>     (i) delivering a copy of the summons and of the complaint to the individual personally; or
>     (iii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.[1]

---

[1] Judges of this district have noted that the three means of service set forth in Rule 4(f) are presented as alternatives with no set hierarchy and, thus, the Rule "does not require a party to exhaust efforts to serve pursuant to Rules

Rule 4(f), Fed. R. Civ. P.

Neatly summarized, the rule permits a person located outside the United States to be served "1) pursuant to an international agreement; 2) where no agreement exists, or is not exclusive, by one of several alternatives; or 3) by other means not prohibited by international agreement, pursuant to a court order." Gang Chen v. China Green Agriculture, Inc., 20-cv-9232(MKV), 2021 WL 103306, at *2 (S.D.N.Y. Jan. 6, 2021). Here, all defendants in this action are believed to be domiciled in China, a signatory to the Hague Convention. The Hague Convention specifies "approved" methods of service and preempts "inconsistent" methods wherever it applies. Water Splash, Inc. v. Menon, 581 U.S. 271, 273 (2017).

In Water Splash, the Court held that while the Hague Convention does not "affirmatively authorize[ ] service by mail," it provides that, "as long as the receiving state does not object, the Convention does not 'interfere with . . . the freedom' to serve documents through postal channels." Id. at 284. But China has formally objected to service via postal channels as an authorized means of service under the Convention.[2] See Smart Study Co. v. Acuteye-Us, 620 F. Supp. 3d 1382, 1394 (S.D.N.Y. 2022)(Wood, J.), appeal dismissed sub nom. Smart Study Co. v. HAPPY PARTY-001, 22-1810-CV, 2023 WL 3220461 (2d Cir. May 3, 2023). Because the Convention preempts inconsistent methods of service, email service is also not permitted under the Convention. Id. at 1392-93 (collecting cases).

---

4(f)(1) or 4(f)(2) before seeing an order under Rule 4(f)(3)." *Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *4 (S.D.N.Y. July 17, 2020)(Liman, J.) (citing Jian Zhang v. Baidu.com Inc., 293 F.R.D. 508, 512 (S.D.N.Y. 2013)(Furman, J.).)

[2] Declarations and Notifications of the Peoples Republic of China
https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (lasted accessed Dec. 22, 2024.)

Plaintiffs argue that the Hague Convention has no application to those defendants whose addresses are not known. This is because Article I of the Convention unambiguously states that "[t]his Convention shall not apply where the address of the person to be served with the document is not known."[3] See S.E.C. v. Lines, No. 07 Civ. 11387(DLC), 2009 WL 3179503, at *3 (Cote, J.)(S.D.N.Y. Oct. 2, 2009) ("As Article I of the Hague Convention quite understandably recognizes, it shall not apply where the address of the person to be served with the document is not known." (internal quotation marks omitted)). It is a fact question whether the addresses of the defendants are known or knowable with the exercise of reasonable diligence. Id.; see Smart Study Co., 620 F. Supp. 3d at 1394 (an address is considered "not known" if the plaintiff exercised "reasonable diligence in attempting to discover a physical address for service of process" and was unsuccessful). Because the drafting of the Hague Convention was concluded on November 15, 1965, it is reasonable to construe the term "address" to mean physical address and not an email or other electronic address.[4]

Recently, Judge Cote was faced with a similar circumstance arising in a Lanham Act case in which the defendants were believed to reside in China where the accused goods were made. ABC v. DEF, 24 cv 8341 (DLC), 2024 WL 5168624, at *2 (S.D.N.Y. Dec. 13, 2024). The Judge concluded that neither mail nor email service was authorized under the terms of the Hague Convention for these defendants. The Judge further considered whether the Convention was inapplicable to defendants whose addresses were not known and could not be learned with reasonable diligence and concluded that the Convention was inapplicable to them, citing Article 1. Further, the Judge concluded that for those defendants whose addresses were known or

---

[3] Convention Done at the Hague Nov. 15, 1965;, T.I.A.S. No. 6638 (Feb. 10, 1969). https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf (last accessed Dec. 22, 2024.)
[4] https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf (last accessed Dec. 22, 2024.)

knowable with reasonable diligence, compliance with the service means set forth in Hague Convention would be necessary before a default judgment could be granted but this did not impact the Court's ability to render a provisional remedy in an urgent instance, such as the allegations of on-going infringement. Hague Convention, Art. 15 ("[n]otwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.").

The Hague Convention is a treaty obligation of the United States and part of "the supreme law of the land." Ackermann v. Levine, 788 F.2d 830, 838 (2d Cir. 1986) (quoting U.S. Const. Art. VI, cl. 2.) The Federal Rules of Civil Procedure must be construed consistent with that mandate. Because the Hague Convention does not apply where the address of the party to be served is not known, no offense is given to the treaty by the application of Rule 4(f), Fed. R. Civ. P.

Plaintiffs have filed a declaration asserting that the address of certain defendants are not known (the "Unknown Address Defendants").[5] (ECF 6, Decl. of L. Litchman.) Plaintiffs' consultant attests that addresses for defendants provided by Amazon "appear[ ] to be incomplete, or invalid." (Id. at ¶ 9.) The assertion is made in summary fashion without differentiating between defendants. For example, it notes that "numerous" addresses "appear to simply be a random string of letters" that cannot be translated to English. (Id.) For the defendant-sellers utilizing Shein as an online platform, plaintiff does not address whether they

---

[5] The Unknown Address Defendants are Xuchang Yunduan Hair Products Co., Ltd. d/b/a "Yunduan Hair" ("Yunduan"); Shenzhen Rongzhangjia Elctronic Commerce Co., Ltd. d/b/a Rongzhangjia ("Rongzhangjia"); Liang Yue d/b/a Tigerose ("Tigerose"); Shenzhen Ruiyue Network Technology Co., Ltd. d/b/a RUIYUE-US ("RUIYUE-US"); Shantou Tianzhi Technology Co., Ltd. d/b/a Mcbki Shop ("Mcbki Shop"); Sichuan Donghuiwan Trading Co., Ltd. d/b/a Lyklasse ("Lyklasse"); Yuzhou Ruimeishang Fazhipin Ltd. d/b/a "Ruimeishang" ("Ruimeishang"); Tow wang wang; Guangzhou Mufan Electronic Commerce Co., Ltd. d/b/a "Fsawdnn" ("Fsawdnn"); and Chictiehsm70.

6

requested or received addresses from Shein.  (Id. ¶ 8.)  They acknowledge that TikTok provided a California and New Jersey address, connected to defendants Chictiehsm70 and HOTTOPS.  (Id. ¶ 12.)

The record is inadequate to support the conclusion that plaintiffs exercised reasonable diligence to identify addresses.  See Smart Study Co., 620 at 1391 (finding plaintiffs have exercised reasonable diligence when a plaintiff researched a defendant and websites associated with their domain names, called known phone numbers, conducted in-person visits, and issued subpoenas to relevant domain registrars and email providers).  None of plaintiffs' submissions appear to make differentiations among the Unknown Address Defendants, except for Chictiehsm70.  Instead, plaintiffs lump the Unknown Address Defendants together, providing general statements that all addresses appear to be "invalid."  Plaintiffs did not detail any attempts to verify, research, or locate the Unknown Address Defendants' respective addresses.  See Kyjen, 2023 WL 2330429, at *3.

Therefore, plaintiffs request to serve the Unknown Address Defendants by electronic means will be denied without prejudice to renewal.

There is another set of defendants who are represented by known counsel ("Unserved Represented Defendants") for whom plaintiffs seek leave to serve their counsel.[6]  Plaintiffs have not indicated whether the actual addresses of the defendants are known or could

---

[6] The Unserved Represented Defendants are Flylipu; Ke Qiaozhen d/b/a "YOSHUYUKI" ("YOSHUYUKI"); Shenzhen Pengzeyang Electronic Commerce Co., Ltd. d/b/a "Pengzeyang" ("Pengzeyang"); Shenzhen Siyibiaqian E-Commerce Business Ltd., d/b/a zoiruya a/k/a Siyibiaqian ("Zoiruya"); Shenzen Maiqui Electronic Commerce Co., Ltd. d/b/a AAiffey ("AAiffey"); Jiujiang Wanzhi Tongjia Trading Co., ltd. d/b/a Dunjot ("Dunjot"); Yongkang Iris Environment Protection Equipment Co., Ltd. d/b/a "Iris Selected" ("Iris Selected"); and HOTTOPS (collectively "Unserved Represented Defendants").  (ECF 50, Ex. E.)  After filing the proposed order granting alternative service, Plaintiffs voluntarily dismissed Defendants AAiffey, Iris Selected, and YOSHUYUKI.  (ECF 52, 53.)  Counsel for Flylipu assert that the matter as against it is now moot because it has reached an agreement-in-principle with plaintiffs.  (ECF 54.)

7

be known with reasonable diligence. Plaintiffs have not specified which defendants' counsel are based in the United States or China. Plaintiffs request to serve the Unserved Represented Defendants by electronic means will be denied without prejudice to renewal.

Plaintiffs have served certain defendants via an email to their counsel, who have thereafter stated in emails with plaintiffs' counsel that they were authorized to accept service on their clients' behalf. These defendants are: Shenzhen Fanghui Trading Co. d/b/a "BriCos" ("BriCos"), Shenzhen Shengjinkun Technology Co., Ltd. d/b/a "Lioogioo" ("Lioogioo"), Shenzen Qingyi Technology Co., Ltd. d/b/a Mukorolee ("Mukorolee"), Xiamen Bopute International Trade Co., Ltd. d/b/a Noafocks US ("Noafocks US"), KENANFADA, DATIANSOFU, Xuchang Meiduo Import and Export Trade Co., Ltd. d/b/a "XRACEPHOL" ("XRACEPHOL"), and huameibaihodian (collectively the "Served Defendants"). (ECF 50, Ex. C.)[7] None of the Served Defendants appeared at the preliminary injunction hearing or otherwise opposed the entry of the preliminary injunction.

The existence of personal jurisdiction over a party is a prerequisite to the grant of a preliminary injunction. At this juncture, plaintiffs have alleged the availability of the accused products for sale in this district through well-known online storefronts such as Amazon, Shein and Tik-Tok. See ECF 18 at ¶ 8 (1st Am. Compl.) ("Defendants have targeted sales from New York residents by operating online stores that offer shipping to the United States, including New York."); see also ECF 17 at ¶ 7 (". . . Defendants also operate marketplaces on other e-commerce sites, all of which offer shipping to customers in the United States, including this District.") The allegations of a nexus between the actions of the foreign defendants and this district are sufficient

---

[7] After filing the proposed order granting alternative service, plaintiffs voluntarily dismissed defendants Mukorolee and KENANFADA. (ECF 52.)

at this juncture to support a finding of personal jurisdiction. Each Served Defendant is a party to this action and has the right to challenge the existence of a basis for personal jurisdiction. Plaintiffs' allegations are yet untested, and they have not had the benefit of discovery as to the quantity of each defendants' sales in this district. Plaintiffs showing at this early stage is sufficient to support its claim for injunctive relief.

Plaintiffs have shown a likelihood of success on the merits of their claims of false designation of origin and passing off. They have a valid and enforceable trademark and the defendants' have created a likelihood of confusion. In making this finding, the Court has considered the strength of plaintiffs' mark, the actual confusion presented by using plaintiffs'' promotional images, the lack of sophistication of the average user and the inferior quality and service offered by the sellers of the accused goods. Plaintiffs have demonstrated a likelihood of irreparable harm from lost sales and damage to their reputation from the sale of inferior knock-offs. The Court concludes that the balance of the hardships favors the plaintiffs, and a grant of a preliminary injunction is consistent with the public interest. See <u>State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.</u>, 120 F.4th 59, 79 (2d Cir. 2024) ("To obtain a preliminary injunction, a party must show "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest.")(citations omitted)).

The preliminary injunction will be granted as to the Served Defendants.

CONCLUSION

For the foregoing reasons, plaintiffs' application for alternative service is DENIED without prejudice to renewal upon the factual showing outlined above. Plaintiffs'

motion for a preliminary injunction is GRANTED as to the Served Defendants and otherwise DENIED without prejudice to renewal. Plaintiffs shall submit a proposed Order setting forth the terms of the preliminary injunction as to these defendants with the continuation of the existing bond.

For good cause shown, the Temporary Restraining Order heretofore entered is extended and shall remain in full force and effect until modified by further Order, except as to the Served Defendants to which the preliminary injunction will apply. Rule 65(b)(2), Fed. R. Civ. P. The foregoing is without prejudice to the right of any party to move to vacate or modify the Temporary Restraining Order. The good cause finding is premised upon the demonstration of tangible harm from the conduct of the named defendants, the likelihood that they have had actual notice of these proceedings and the need for additional time for plaintiffs to supplement their application for service of process by alternate means.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 23, 2024